Curia, per Evans, J.
In this case, the question was whether two hundred and eighteen acres, called the Owens land, was included within the deed from the sheriff to the plaintiff. The only description is, that the tract of land conveyed contained “ one thousand acres, more or less and that it was “ adjoining lands of F. W. Pickens, Proctor, and others.” Pickens’ land and Proctor’s land would be adjoining the tract, whether the Owens land was excluded or included ; so that this boundary alone did not shew what land was intended to be conveyed. The only remaining description is the quantity. If the land can be otherwise located, quantity is, in general, immaterial; but where it is resorted to as one of the evidences of intention, it then becomes a material part of the description. The Anderson land is said, by the surveyor, to contain one thousand and seven acres. It is said, in the survey- or’s explanation of his plat, that fifteen acres of this had *545 been sold, as he was informed by the plaintiff, by the defendant to Wm. Roe; taking this off, there are nine hundred and ninety-two acres left, approximating very nearly to the quantity mentioned in the deed; but if we add to this the Owens land, two hundred and eighteen acres, then the number of acres exceeds what is called for in the deed, by more than two bundled. We do not, therefore, perceive that the verdict of the jury withholds from the plaintiff anything included in his deed. • The verdict gives him a tract of land adjoining F. W. Pickens, Proctor and others, and containing within eight acres of the quantity mentioned in his deed. It was said, in the argument in this court, that a part of the Anderson land, on the South side, had been sold off to Pickens. There was some evidence that Pickens’ land, which was called for as a boundary, lay on that side, and something was said by the witnesses to that effect; but its location and number of acres was not proved on the trial, nor does the plat shed any light on the subject. I think it likely that both parties understood the Owens land to have been included in what the sheriff sold; but if the plaintiff took a deed with a description which, in the opinion of the jury does not include it, he cannot complain. When a plaintiff comes into court demanding that which is in the defendant’s possession, he must shew that he is the legal owner, before he can expect to recover it by law. This, the plaintiff in this case has failed to do, and his motion for a new trial is dismissed.
Richardson, O’Neall, Waedlaw and Frost, JJ. concurred.